98 F.3d 1344
 8 NDLR P 376
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
George H. THOMAS, Jr., Plaintiff-Appellant,
v.
GENERAL MOTORS CORP., et al., Defendants-Appellees.
 No. 96-2283.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 2, 1996.
Decided Oct. 8, 1996.
 
 Before POSNER, Chief Judge, and BAUER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 George Thomas, Jr., an hourly employee at General Motors's (GM) plant in Speedway, Indiana, brought this action under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., after GM had terminated his employment. Mr. Thomas maintains he was fired because he suffered from depression severe enough to constitute a disability. The district court entered summary judgment in favor of GM.[1] We affirmed from the bench, and now follow with this order.
 
 
 2
 Without notice of a disability, an employer cannot be liable for discrimination against an employee on the basis of his disability. Beck v. University of Wisconsin Bd. of Regents, 75 F.3d 1130, 1134 (7th Cir.1996); Hamm v. Runyon, 51 F.3d 721, 725 (7th Cir.1995). Hedberg v. Indiana Bell Telephone Co., Inc., 47 F.3d 928, 932 (7th Cir.1995).
 
 
 3
 On this record, GM could not reasonably have been expected to conclude or even suspect that Mr. Thomas suffered from a disabling depression. The events relied upon by Mr. Thomas, such as frequent absence, disrespect to a supervisor, failure to return to work after a suspension and requesting an application for sick leave without mention of a disabling illness, do not constitute, as presented here, notice of the presence of a disability and therefore do not trigger GM's obligations under the Act. As this court explained in Hedberg:
 
 
 4
 Tardiness and laziness have many causes, few of them based in illness. The ADA hardly requires that merely because some perceived tardiness and laziness is rooted in disability, an employer who has not been informed of the disability, and who has no reason to know of the disability, is bound to retain all apparently tardy and lazy employees on the chance that they may have a disability that causes their behavior.
 
 
 5
 Hedberg, 47 F.3d at 934.
 
 
 6
 The judgment of the district court is AFFIRMED.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 The plaintiff's union was a party in the district court, but it is not a party to this appeal